RHONE *v.* THOMPSON INVESTMENT COMPANY

No. 41873          May 22, 1961          130 So. 2d 573

*Creekmore & Beacham,* Jackson, for appellant; Thompson Investment Company.

*Watkins, Pyle, Edwards & Ludlam,* Jackson, for appellee and cross-appellant, Hilliard Rhoné.

APPELLANT, THOMPSON INVESTMENT COM-
PANY, IN REPLY.

Rodgers, J.

The Thompson Investment Company, a corpo-
ration, brought a suit in the Chancery Court of the First
Judicial District of Hinds County, Mississippi, against
Hilliard Rhone, a nonresident defendant, by attachment
proceedings against certain lands owned by the defend-
ant, located in Hinds County. The suit is founded upon
a written contract entered into by and between appellant
and appellee, in which appellant agreed to sell to the
appellee the lands attached in this proceeding, and which
belonged to Hilliard Rhone and the other heirs of his
father. It was alleged that appellant attempted to act
as agent for the other heirs, in making the contract with
appellee, and later in cancelling the contract and selling

the property to another party. Hilliard Rhone appeared and defended the suit upon the grounds: (1) The contract to sell had expired in 90 days; (2) the description of the land in the contract was indefinite; (3) that the appellee's president, W. J. Thompson, knew that appellant had no written contract with the other heirs of appellant's father; and (4) that in any case, the appellee Thompson Investment Company was not damaged.

The chancellor, after having tried the case, entered a decree in favor of the appellee Thompson Investment Company against the appellant Hilliard Rhone for damages in the sum of $620.00 for his failure to sell the interest he owned in the property. The chancellor held that appellee had been damaged in the sum of $3,100.00, and since it was alleged that he owned a one-fifth interest in the property, the chancellor divided the damage by five and entered judgment accordingly. This was incorrect, because the appellant actually owned a one-fourth interest in the property, and the judgment should have been for one-fourth of $3,100.00 or the sum of $775.00.

The decree of the chancellor will be affirmed in all respects except the sum will be corrected to show $775.00 due by the appellant to the appellee.

The decree of the lower court is therefore affirmed and judgment will be entered here changing and correcting the decree as above set out.

Affirmed and judgment here.

All Justices concur except *Gillespie* and *McElroy, JJ.*, who took no part.